**Sheehan & Associates, P.C.**

891 Northern Boulevard, Suite 201, Great Neck, NY 11021
tel. 516.303.0552
fax 516.234.7800
spencer@spencersheehan.com

June 21, 2018

Senior District Judge Frederic Block
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

             Re: Campbell v. Freshbev LLC, et al.
                <u>1:16-cv-07119-FB-ST</u>

Dear Senior District Judge Frederic Block:

  This office represents the plaintiff in the above action. This letter is in response to your Honor's Electronic Order, June 21, 2018, requiring the parties to submit letter briefs addressing whether Whole Foods can be held liable under GBL 349 and 350 for false statements on the disputed products, where they act only as the retailer of the products.

  To the extent it has been understood that defendant Whole Foods bears liability for representations on the products of defendant Freshbev, it was not plaintiff's intention to make such allegations and such allegations are withdrawn. To allege a retailer's liability for the misleading representations of a third-party's products is beyond the scope of properly attributing liability to a responsible party.

  Defendant Freshbev is liable for its own "products with the brand name "Ripe Craft Juice" in 12 and 12.2 ounces (the "Ripe Juice Products" or "Ripe Products"))." TAC, ¶ 4. Defendant Whole Foods is liable for the "private-label line of products" designated by the "brand name 'Fresh Juice' (the "Whole Foods Products" or the "Fresh Juice Products." TAC, ¶ 10 ("This private-label line of products is designated by its brand name "Fresh Juice" (the "Whole Foods Products" or the "Fresh Juice Products," together with the Ripe Juice Products, the "Products").").

  Throughout the TAC, "defendants'" is used where describing common allegations. ¶ 42 ("*defendants'* products") ¶ 47 ("*Defendants'* failure") ¶ 66 ("*Defendants'* labeling"), ¶ 79 ("*Defendants'* acts or practices"), ¶ 85 ("*Defendants'* false advertising"), ¶ 86 ("*defendants'* representations"), ¶ 87 ("*Defendants* failed").

  Defendant Freshbev describes the Ripe Products as "cold-pressed" on the front, back and side of its bottles. Defendant Whole Foods describes the Fresh Juice Products as "cold-pressed & crafted daily" on the side of its bottles. TAC, ¶¶ 17, 35 ("Defendant Freshbev's Products are identified as 100% Cold-Pressed Juice and Cold-Pressed 100% Juice").

  Both defendants are alleged to misrepresent their respective products as "fresh." TAC, ¶ 29 ("The labels represent the products are fresh, such as Ripe Craft Juice 12, "Get fresh and get

quenching," Ripe Craft Juice 12.2, "Beyond Fresh" and the brand name, Fresh Juice [defendant Whole Foods].").

Defendant Freshbev describes the Ripe Products by stating "Unpasteurized" on the neck of the bottles while defendant Whole Foods uses this term on the side of its bottles ("Never Heated/Unpasteurized").  TAC, ¶ 17.

Plaintiff concedes that the second line of TAC ¶ 23 – "misleading with respect to the presence of cranberries" – was misplaced, since the cranberries allegation only applies to defendant Freshbev.  This allegation however may be evident from ¶¶ 24-28, which only focus on the Freshbev Products.

Plaintiff regrets any inconvenience which may have been caused by a belief that defendant Whole Foods should be liable for any representations on the products of defendant Freshbev.  Plaintiff shall respond to the most recent notice of defendants regarding recent authority by tomorrow.  Thank you.

                                              Respectfully submitted,

                                               /s/ Spencer Sheehan
                                              Spencer Sheehan